## ANDERSON v. GUYMON *et al.*

No. 4528. Opinion Filed September 14, 1915.

(151 Pac. 863.)

1. **PARTNERSHIP—Contract by Partner—Knowledge and Assent of Co-partner—Proof.** One partner cannot bind his co-partner by any contract not reasonably within the scope of the partnership, unless with such co-partner's knowledge and assent. Such knowledge and assent must be established by evidence affirmatively showing it, or from which it may be clearly inferred.

2. **APPEAL AND ERROR—Assignments of Error—Abandonment—Brief.** Errors assigned and not argued in the brief will be regarded as abandoned.

3. **APPEAL AND ERROR—Harmless Error—Instructions.** Where a peremptory instruction might, if requested, have been properly given in favor of defendant, errors, if any, in giving instructions are harmless errors, where the jury returns a verdict for the defendant.

(Syllabus by Collier, C.)

*Error from District Court, Texas County;*
*R. H. Loofbourrow, Judge.*

Action by James R. Anderson against E. T. Guymon and others, copartners under the firm name of the Star Lumber Company. Judgment for defendants, and plaintiff brings error. Affirmed.

This is an action, instituted by the plaintiff in error, hereinafter styled plaintiff, against the Star Lumber Company, a copartnership, composed of E. T. Guymon, C. J. Warren, W. D. Youtsler, and D. B. Bradford, defendants in error, hereinafter designated the company, to recover damages for the breach of an express warranty in the sale of broom corn seed to plaintiff.

The uncontradicted evidence is that the plaintiff went to the place of business of the company and asked if

they had any Standard Dwarf broom corn seed that they knew was Standard Dwarf, and was good, pure, and clean, and was answered in the affirmative by Bradford, one of said copartnership, and thereupon plaintiff stated to Bradford, "If you have, I want a bushel of it"; and Bradford replied, "We sure have it." At said time plaintiff informed Bradford, "If they ain't pure Standard Dwarf, I don't want it at any price"; to which Bradford replied, "This is good, pure Standard Dwarf," and invited plaintiff to look at the seed, which plaintiff declined to do, saying that he was buying the seed on "your recommendation"; to which Bradford replied, "They are pure Standard Dwarf; we can guarantee them." Thereupon plaintiff bought one bushel of said seed, and paid to Bradford the sum of $3.50 therefor. At the time plaintiff bought said seed he informed Bradford that he desired to plant same. Said seed were planted, properly cultivated, and turned out to be Japanese Standard Dwarf, and not Standard Dwarf. By reason of said seed not being Standard Dwarf, there was a failure of the crop attempted to be grown by plaintiff, resulting in loss to plaintiff.

The evidence further shows that said company was engaged in the sale of lumber and coal at Guymon, Okla., and was not engaged in the sale of seeds of any kind. There is no evidence that the sale of said seed was within the scope of the business of the copartnership, or that Bradford, the member of the firm making the sale, had authority from the other members of the firm to sell said seed; and the evidence of Bradford and of other members of said firm is that said company never sold any seed to plaintiff, and that when plaintiff made the transaction for said seed he was informed that said seed were

not the property of said company, but of one Montgomery, and that said company had no interest in the sale thereof in any manner.

Against the objection and exception of plaintiff, the court admitted in evidence on behalf of defendants, proof that Montgomery had had an ad in the Guymon Herald, a newspaper published at Guymon, stating that he (Montgomery) had broom corn seed for sale at the Star Lumber Company's office.

The case was tried to a jury, and a verdict returned in favor of defendants. Within the statutory time plaintiff filed a motion for new trial, which was overruled, and its overruling excepted to. Judgment was entered for the company, from which this appeal is taken.

The company filed a motion to dismiss this appeal, upon the grounds that the same was not filed in this court within six months after the rendition of the judgment, and that the certificate of the trial judge to the case-made certified that the "foregoing pages" had been submitted to him, and that in said "foregoing pages" no final judgment is shown, nor is it shown that a motion for new trial was passed upon, and that the case-made is not properly indexed.

*Gleason & Breslin,* for plaintiff in error.

*Harris & Breslin* and *S. A. Horton,* for defendants in error.

Opinion by COLLIER, C. (after stating the facts as above). An examination of the case-made discloses that the same was not properly assembled; that the order of the trial judge settling and signing the case-made is attached to the front, instead of being attached to the

end, of the case-made—a technical error, which we regard as without merit. The motion for new trial was denied on the 7th day of May, 1912, and the appeal filed in this court on the 4th day of November, 1912, which was within the time provided by statute. Since a motion for new trial was essential to present the errors complained of here, the time within which an appeal may be taken dates from the time said motion for new trial was overruled. It is true that errors were made in indexing the case, and while such errors should be avoided, as they entail much inconvenience in examining the record, we are unwilling to say that such errors should be visited with such drastic action as a dismissal of the appeal. The motion to dismiss the appeal should therefore be denied.

Cases must be tried upon the pleadings made, and, the pleadings in this case averring that the sale was made by said firm, the pivotal question involved is whether or not the sale of the seed was made by the firm. If not, the evidence fails to support the allegations of the petition. If a member of the firm sold the seed, acting for another, and at the time of the sale informed plaintiff that the sale was being made for another, and disclosed who the other party was, then the company would not be liable on account of the alleged warranty. These issues were submitted to the jury, under instructions of the court, which, if erroneous, were, in view of the fact that the jury could not properly find a verdict other than the one rendered, harmless. It is true that the order in which the several paragraphs of the instructions were given by the court to the jury is not the order in which the instructions should be given; but we are unable to say that the

order in which the several parts of the instructions were given is reversible error.

There is no evidence that the sale of broom corn seed was within the scope of the business of the company, or that Bradford, the member of the firm who made the sale, had authority from the other members of the firm to sell said seed, as the act of said copartnership. Acts of a member of a firm, without the scope of the business in which the firm is engaged, are not binding on the firm.

In *Brown et al. v. First Nat. Bank of Temple,* 35 Okla. 726, 130 Pac. 140, it is held:

"One partner cannot bind his copartner by any contract not reasonably within the scope of the partnership, unless with such copartner's knowledge and assent.

"(a) Such knowledge and assent must be established by evidence affirmatively showing it, or from which it may be clearly inferred."

In the body of the opinion, the court cites with approval the case of *Barnard et al. v. Lapeer & Port Huron Plank Road Co.,* 6 Mich. 2174, wherein it is said:

"No rule is better settled than that one partner cannot bind his copartner by any contract not within the immediate scope of the partnership, unless with such copartner's knowledge and consent. Each partner is an agent for all the members of the firm in the transaction of all business of such firm; but as to matters foreign to such business he is regarded as a stranger. The general business of the firm being that of manufacturing lumber, and the ownership of land as incident thereto, the subscription to stock in a corporation, or to articles of association for the creation of one, was not an incident to such partnership. Incidental benefits would not authorize one partner to bind his fellow, and no authority so to bind him is shown. And the knowledge and assent required to bind the copartner must be established by evi-

dence affirmatively showing it, or from which it may be clearly inferred."

Plaintiff, having failed to produce evidence that the sale of said seed was within the scope of the business of said company, or that such sale was made by Bradford, a member of the copartnership, with the knowledge and consent of the other members of said copartnership, a peremptory instruction, had it been asked, might have properly been given to the jury in favor of defendants; and, where this is the case, errors, if any, in instructions given, are not reversible errors.

Several assignments of error, among them the admission of evidence that Montgomery published in the Guymon Herald a notice that he had Standard Dwarf broom corn seed at the place of business of said company for sale, are not argued in the brief of counsel for plaintiff in error, and therefore are regarded as abandoned.

Finding no reversible error in the trial of this cause in the court below, the judgment should be affirmed.

By the Court: It is so ordered.